## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Norman T., Petitioner Below,**
**Petitioner**

**vs) No. 14-0701** (Gilmer County 10-D-23)

**Kerrie W., Respondent Below,**
**Respondent**

**FILED**

April 13, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Norman T., by counsel James Douglas, appeals the Circuit Court of Gilmer County's July 1, 2013, order that refused his appeal and affirmed the Family Court of Gilmer County order that disqualified Mr. Douglas from representing petitioner in a relocation proceeding.[1] Respondent Kerrie W., appearing by her counsel Jeffery Davis, filed a response. On appeal, petitioner alleges that the circuit court erred in disqualifying Mr. Douglas.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties married on June 24, 1995, and had two children during the marriage. In May of 2009, respondent consulted with Mr. Douglas about a potential divorce for approximately one hour in exchange for a $125 consultation fee. In April of 2010, petitioner filed for divorce in the Family Court of Gilmer County on the grounds of irreconcilable differences.[2] By order entered November 12, 2010, the family court entered a "Divorce Settlement Agreement" and an agreed parenting plan.

---

[1]"We follow our past practice in . . . cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dept. of Human Services v. Cheryl M.,* 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2]At this time, Susie Hill represented petitioner and Linda Hausman represented respondent.

1

On January 6, 2014, respondent, pro se, filed a notice for relocation to move the children to Lewis County, West Virginia. Several days later, petitioner consulted with Mr. Douglas to represent him regarding respondent's notice of relocation. Thereafter, Mr. Douglas filed a response to respondent's notice of relocation. On February 7, 2014, respondent filed a motion to disqualify Mr. Douglas based on a conflict of interest pursuant to Rule 1.9(a) of the Rules of Professional Conduct.[3] The family court held a hearing on respondent's motion on March 28, 2014. After considering respondent's testimony and the parties' arguments, the family court disqualified Mr. Douglas from representing petitioner.

In April of 2014, petitioner filed a petition for appeal in the circuit court. Ultimately, the circuit court refused petitioner's appeal and affirmed the family court order that disqualified Mr. Douglas. It is from this order that petitioner now appeals.

Before addressing the merits of this appeal, we pause to consider a procedural issue that was not addressed by the parties. The order of disqualification entered by the family court in this matter was not a final order, and therefore was not appealable to the circuit court. We have held that "[a] party aggrieved by a lower court's decision on a motion to disqualify an attorney may properly challenge the lower court's decision by way of a petition for writ of prohibition." Syl. Pt. 1, *State ex rel. Bluestone Coal Corp. v. Mazzone*, 226 W.Va. 148, 697 S.E.2d 740 (2010). Because the order of disqualification was entered by the family court, the correct method to challenge the order was by filing a petition for writ of prohibition in the circuit court. In *State ex rel. Silver v. Wilkes*, 213 W.Va. 692, 584 S.E.2d 548 (2003), we recognized that both this Court and the circuit courts have concurrent original jurisdiction to entertain petitions for writs of mandamus and prohibition against family court, and further held in syllabus point 5 that "[w]here circuit courts have concurrent original jurisdiction with the West Virginia Supreme Court of Appeals over matters arising in family court, the preferred court of first resort is the circuit court." We further stated that "[o]nly after a party seeks and fails to receive relief from a family court order in circuit court may that party then petition this Court for relief." *Id.*, 213 W.Va. at 697, 584 S.E.2d at 553. In other words, the correct route in this case would have been for the petitioner to seek a writ of prohibition in circuit court rather than filing an appeal. Indeed, instead of ruling on the merits of the appeal, the circuit court should have refused the appeal with leave to file a petition for writ of prohibition. Nevertheless, the circuit court ruled on the merits of the appeal. Although we do not sanction the procedural route followed in this matter, the issue presented in this appeal is fully briefed and ripe for consideration. Therefore, in order to promote the interests of judicial economy, we will consider the merits of the appeal despite this procedural infirmity.

On appeal, petitioner argues that motions to disqualify "should be viewed with caution, however, for it can be misused as a technique of harassment." Petitioner also asserts that there was not a conflict of interest pursuant to Rule 1.9(a) of the Rules of Professional Conduct because the issue of relocation is not the "same or substantially related matter" as the underlying divorce action. In support of this position, petitioner avers that the issue of relocation is a post-

---

[3]Respondent retained Jeffery Davis to represent her in the underlying post-divorce proceeding.

divorce issue and could not have been the subject of his consultation with respondent in 2009. Petitioner also suggests that he should not have been disqualified because the Office of Disciplinary Counsel rendered an informal advisory opinion that there was no conflict of interest.[4]

We have previously established the following standard of review:

In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

"'Under the Code of Professional Responsibility, a lawyer may be disqualified from participating in a pending case if his continued representation would give rise to an apparent conflict of interest or appearance of impropriety based upon that lawyer's confidential relationship with an opposing party.' Syllabus Point 2, *State ex rel. Taylor Associates v. Nuzum*, 175 W.Va. 19, 330 S.E.2d 677 (1985)." Syl. Pt. 3, *State ex rel. Bluestone Coal Corp. v. Mazzone*, 226 W.Va. 148, 697 S.E.2d 740 (2010). This Court has further established that

[t]o disqualify an attorney pursuant to Rule 1.9(a) of the West Virginia Rules of Professional Conduct, five criteria must be satisfied: (1) the existence of an attorney-client relationship between the attorney and the former client; (2) the existence of an attorney-client relationship between the attorney and the subsequent client; (3) the subject matter of the subsequent client's representation either is the same as or is substantially related to the subject matter of the former client's representation; (4) the subsequent client's representation is materially adverse to the interests of the former client; and (5) the former client has not consented, after consultation, to the subsequent representation.

Syl. Pt. 5, *Id*. Applying these factors to the facts of this case, we find no error. First, we decline to specifically address whether an actual attorney-client relationship existed between respondent and Mr. Douglas. It is undisputed that respondent consulted Mr. Douglas regarding a potential divorce from petitioner. Respondent testified that she specifically discussed issues of custody

---

[4]The record on appeal contains a letter dated February 20, 2014, from Mr. Douglas to the Office of Disciplinary Counsel ("ODC") confirming that the ODC "rendered an advisory opinion" that there was not a conflict of interest for Mr. Douglas to represent petitioner. The ODC and Investigative Panel of the Lawyer Disciplinary Board are authorized to issue an informal advisory opinion under Rule 2.15 of the Rules of Lawyer Disciplinary Procedure. However, under Rule 2.15(d), an informal advisory opinion "is not binding on the Hearing Panel of the Lawyer Disciplinary Board or the Court, but shall be admissible in any subsequent disciplinary proceeding involving the requesting lawyer."

and visitation with Mr. Douglas during her consultation. "Where an attorney has received confidential information from a prospective client, the attorney may be disqualified from representing another individual on grounds of actual or presumed conflict despite the absence of an actual attorney-client relationship." Syl. Pt. 2, *State ex rel. Youngblood v. Sanders*, 212 W.Va. 885, 575 S.E.2d 864 (2002). Second, it is undisputed that Mr. Douglas currently represents petitioner. Third, Mr. Douglas' representation of petitioner is substantially related to the subject matter of respondent's consultation. "'Under Rule 1.9(a) of the Rules of Professional Conduct, determining whether an attorney's current representation involves a substantially related matter to that of a former client requires an analysis of the facts, circumstances, and legal issues of the two representations' Syllabus Point 3, *State ex rel. McClanahan v. Hamilton*, 189 W.Va. 290, 430 S.E.2d 569 (1993)" Syl. Pt. 7, *State ex rel. Bluestone Coal Corp. v. Mazzone*, 226 W.Va. 148, 697 S.E.2d 740 (2010). As stated above, it is undisputed that respondent consulted with Mr. Douglas about a potential divorce and specifically discussed issues of custody and visitation. The issue of relocation is substantially related to custody and visitation because respondent's proposed relocation directly affects the parenting plan that established the parties' custody and visitation arraignment. "A lawyer who is the recipient of a potential client's confidence is thereafter disqualified from acting for any other person interested adversely in the same general matter, however slight such adverse interest may be." *State ex rel. Taylor Associates v. Nuzum*, 175 W.Va. 19, 23, 330 S.E.2d 677, 681 (1985). Fourth, it is clear that Mr. Douglas' representation of petitioner is adverse to respondent's desire to relocate. Finally, the record is clear that respondent did not consent to Mr. Douglas representing petitioner in this matter. For these reason, we find no error.

For the foregoing reasons, we affirm the July 1, 2014, order of the circuit court.

Affirmed.

**ISSUED**: April 13, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II